Deutsch *v.* Exchange Operators, Inc., Appellant.

Argued February 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Asher Seip,* with him *Fletcher W. Stites,* for appellant.

*Frank P. McCluskey,* for appellee, was not heard.

PER CURIAM, March 18, 1929:

In this action by Arnold Deutsch to recover on an insurance policy issued by defendant corporation, the defense was that plaintiff had not furnished a written proof of loss, in the manner and within the time "stipulated in the policy"; judgment was entered on a verdict for plaintiff, and defendant has appealed.

The policy in question, issued April 21, 1921, insured plaintiff in the sum of $2,850 "against actual loss or damage......to the body, machinery, equipment or parts" of the automobile in question. The writing provided as follows: "The assured, upon the occurrence of fire or an accident, shall......send immediate written notice thereof to the home office of [defendant] or to a duly authorized agent......, and, if a claim is to be made hereunder by reason of such *fire or accident,* a further statement or proof of loss shall be made upon blanks supplied by [defendant] within thirty days after the occurrence of such loss" (the italics are ours); further, that the amount of defendant's liability should "be payable thirty days after acceptable proofs of such loss or damage as required herein shall have been made in writing and presented at the home office of [the defendant] at Philadelphia......, signed and sworn to by the assured."

It will be noticed that these provisions, by their express terms refer to losses due to "fire or accident." The loss for which this suit was brought was due to the theft of the automobile, which was stolen from defendant shortly after he had paid $2,850 for it, and, when recovered, was so totally destroyed that the dealer from whom the machine had been purchased stated, as to its condition, that, "it was ready to go to the graveyard; the car was stripped......of everything that was worth anything," showing a total loss. But defendant contends that plaintiff's loss, whatever it was, had to be

preliminarily supported by the particular form of written proofs of loss stipulated for in the body of the policy; and, to show that the policy required such proofs of loss in case of theft, defendant points to a rider, or endorsement, thereon which reads thus: "FULL COVERAGE—THEFT. TWO—BY THEFT, ROBBERY, or PILFERAGE, by persons other than those in the employment, service or household of the assured." Defendant fails, however, to show any stipulation connected with this endorsement that the assured shall furnish any particular sort of proof of loss in case of theft; and, as previously suggested, the stipulation on that point in the body of the policy is a restricted one, as opposed to a general one. Viewing this policy as a whole, with all of its riders, we conclude that plaintiff was not under obligation to furnish any particular kind of proof of loss, and we agree with the court below that the evidence submitted to the jury was ample to warrant a finding that, within a reasonable time, in fact, within the thirty days mentioned in the policy, plaintiff did furnish ample proof of loss to W. P. Madden, defendant's local agent, in accord with the notice at the head of the policy, which reads: "Send prompt notification of loss or damage to W. P. Madden, Agent, Room 610 Commonwealth Building,......Allentown, Pa."

The judgment is affirmed.